Antanas BARANAUCKAS and Mary Ancaldo by her Guardian Ad Litem, Individually and on Behalf of a class of persons similarly situated, Plaintiffs

v.

Barbara BLUM, in her official capacity as Commissioner of the New York State Department of Social Services, and Gabriel Russo, in his official capacity as Director of the Monroe County Department of Social Services, and Joseph Califano, in his official capacity as Secretary of the Department of Health, Education and Welfare, and Robert Whalen, in his official capacity as Commissioner of the New York State Department of Health, and Beechwood Nursing Home, Defendants.

Civ. No. 78–608.

United States District Court,
W. D. New York.

Dec. 21, 1979.

Ian C. DeWaal, Rochester, N. Y., for plaintiffs.

Robert Abrams, Atty. Gen. of N. Y., New York City, for defendants Blum & Whalen; Philip S. Glickman, Asst. Atty. Gen., Rochester, N. Y., of counsel.

Milo I. Tomanovich, Rochester, N. Y., for defendant Russo (Charles J. Genese, Rochester, N. Y., of counsel).

Fix, Spindelman, Turk, Himelein & Schwartz, Rochester, N. Y., for Beechwood Nursing Home.

David Rothenberg, Asst. U. S. Atty., Rochester, N. Y., for Secretary of Health, Ed. and Welfare.

HAROLD P. BURKE, District Judge.

Pending before this court is the motion by Monroe County Legal Assistance Corporation for an award of attorneys fees against defendants Blum, Whalen and Russo pursuant to 42 U.S.C. § 1988. Also pending is the cross-motion by defendants Blum, Whalen and Russo that such motion be denied or, in the alternative, that any such award be made against defendants Beechwood and Califano only. These motions arise out of the action of the same title that was settled by stipulation approved and filed by the court on May 8, 1979.

Plaintiffs commenced this action in New York State Supreme Court, naming defendants Blum and Russo only, to compel continued Medicaid support for plaintiffs at Beechwood Nursing Home. Plaintiffs, alleging that the state agency sought to transfer them without regard to their well-being in contravention of their Fourteenth Amendment rights, obtained a series of preliminary injunctions against their transfer

and against even the discussion of transfer with plaintiffs.

Prior to this action, defendant Blum issued a decision after fair hearing (amended complaint, Exhibit A), that under such circumstances as presented herein, plaintiffs would not be compelled to be transferred, but that the state agency would not be compelled to reimburse Beechwood, due to the nursing home's refusal to sign a provider agreement as required by federal regulations.

Defendants Blum and Russo answered, alleging inter alia that all required efforts had been made to assure plaintiffs well-being (answer of defendant Blum, paragraph 7). These defendants also caused the court to join defendants Whalen, Beechwood and Califano.

The action was thereupon removed to this court upon the petition for removal filed by defendant Califano. Defendant Califano then moved to dismiss for lack of jurisdiction. This motion was argued and submitted, but not decided due to the intervening settlement of this action.

Defendants Blum, Whalen and Russo appealed from this court's grant of a preliminary injunction and class certification. This was a substantial, not frivolous, appeal filed in the Court of Appeals on or about March 13, 1979, that was withdrawn only due to mootness following settlement.

Defendants Blum and Whalen had sought plaintiffs' transfer due only to Beechwood's refusal to sign a provider agreement. This refusal would cause defendant Califano to withhold or recoup H.E.W.'s fifty percent contribution toward plaintiffs' care. State law (Social Services Law § 363, et seq.) requires such administration of medicaid.

The state defendants filed a cross-claim against H.E.W. seeking H.E.W.'s contribution towards plaintiffs' care despite the lack of a provider agreement. At no time have the state defendants had any reason or intent to transfer plaintiffs independent of federal regulations that effectively compel plaintiffs' transfer.

Beechwood filed a cross-claim against the state and county defendants, alleging that the medicaid reimbursement rate established by the state defendants was illegal. Beechwood's pleadings made no reference to administrative appeals.

Settlement negotiations began on or about March 7, 1979, between the federal, state and county defendants and Beechwood. Plaintiffs' nominal involvement in these negotiations did not begin until at least April 12, 1979 (DeWaal's affidavit sworn to July 23, 1979, paragraph 24).

The settlement that was reached essentially provides as follows:

(a) Beechwood would sign a provider agreement (paragraph 1);

(b) the State Department of Health would expedite certain administrative appeals brought by Beechwood and then pending; that Beechwood would receive monies due; and that H.E.W. would not recoup these monies from the state (paragraphs 2 through 6);

(c) plaintiffs' attorneys, Monroe County Legal Assistance Corporation, reserves any existing right to move for an award of reasonable attorneys' fees. No other party concedes the propriety of any such award (paragraph 7)

(d) plaintiffs' would not be transferred (paragraph 8);

(e) that no further substantive right whatsoever is granted hereby not otherwise provided by law or legal regulation. No party hereto admits the merits of any claim asserted by another herein (paragraph 10);

(f) that H.E.W.'s agreement to participate in this settlement in no way changes or affects H.E.W.'s policy of denying federal financial participation in other instances where state and county agencies are required to pay for medicaid-eligible patients in facilities lacking provider agreements (paragraph 12).

Plaintiffs as a matter of law have failed to state grounds upon which any award of attorneys fees can be made against the state and county defendants pursuant to 42 U.S.C. § 1988.

Plaintiffs only federal constitutional claim is that defendants Blum and Russo failed "to decide whether plaintiffs and others would be harmed by either discussing a move or a move from the nursing home . . ." (amended complaint, paragraph 61). Such defendants answered, alleging that the guidelines set forth in administrative letter, 74 ADM 178 (amended complaint, Exhibit B), were being complied with until plaintiffs obtained a preliminary injunction (answers, paragraph 7). The amended complaint contains no factual allegation to the contrary, nor do plaintiffs attack the legality or sufficiency of 74 ADM 178.

Plaintiffs' interests in their medicaid benefits are not such as will automatically give rise to any question of federal constitutional moment. A public assistance recipient has no fundamental constitutional right to welfare benefits and certainly not to where such benefits are to be enjoyed. *Lavine v. Milne*, 424 U.S. 577, 96 S.Ct. 1010, 47 L.Ed.2d 249; *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491.

The Social Security Act gives rise to no cause of action for plaintiffs to rely on. The Act does not involve "equal" or "civil" rights within the meaning of 28 U.S.C. § 1343(3), (4) and does not involve 42 U.S.C. § 1983. The only federal statutes cited by plaintiffs' complaint are the Social Security Act (42 U.S.C. § 1396a[a][19]) and 42 U.S.C. § 1983. Plaintiffs reliance upon 42 U.S.C. § 1988 is entirely dependent upon 42 U.S.C. § 1983. No basis for such reliance exists.

42 U.S.C. § 1988 leaves an award of attorneys fees to the court's discretion.

The state and county defendants have had no desire or intent to transfer plaintiffs independent of the circumstances and authority imposed by defendants Beechwood and H.E.W. The state and county defendants themselves alone took all of the affirmative steps that made it possible for plaintiffs to obtain the ultimate benefit they sought.

The settlement would not have been possible without Beechwood, H.E.W. and Whalen as parties to this action. Defendants Blum and Russo caused the joinder of these defendants. The settlement would not have been possible without Beechwood's agreement to rejoin the medicaid program, or without H.E.W.'s agreement not to enforce its requirement of a provider agreement. The state and county defendants are responsible for raising all necessary issues. The state and county defendants had to concede nothing in order for plaintiffs to obtain their result. All agreements by these defendants were gratuitous, representing nothing whatsoever of legal precedent.

Plaintiffs attorneys opposed or did not support the issues raised by the state and county defendants, including the joinder of the other defendants. These issues led directly and necessarily to settlement. Further, no issue raised by plaintiffs has been resolved in their favor; the settlement plaintiffs agreed to concedes the merits of no issue. The settlement was reached without any aid from plaintiffs and certainly without reference to any issues raised by them.

Plaintiffs' attorneys, Monroe County Legal Assistance Corporation, a fully funded public service corporation, is the real complainant-in-interest in these motions.

Under the special circumstances in this case and in the exercise of discretion, Monroe County Legal Assistance Corporation's application for an award of attorneys' fees against the defendants Blum, Whalen and Russo pursuant to 42 U.S.C. § 1988 is denied. In the exercise of discretion the cross-motion of defendants Blum, Whalen and Russo that plaintiffs' motion be denied, or in the alternative, that any such award be made against defendants Beechwood and Califano only, is denied.

ALL OF THE ABOVE IS SO ORDERED.